Jamerson C. Allen (SBN 122745)
Cara Ching-Senaha (SBN 209467)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California  94105
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
Email: allenj@jacksonlewis.com
Email: ching-senahac@jacksonlewis.com

Attorneys for Defendant
HILTON WORLDWIDE, INC. DBA
DOUBLETREE HOTEL - SAN FRANCISCO
AIRPORT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| GWENDOLYN GAVIN, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>HILTON WORLDWIDE, INC. DBA<br>DOUBLETREE SAN FRANCISCO AIRPORT<br>BY HILTON, AND DOES 1 THROUGH 15,<br>INCLUSIVE,<br><br>        Defendants. | (San Mateo Superior Court Case<br>No. CIV 510537)<br><br>**NOTICE OF REMOVAL OF ACTION<br>TO FEDERAL COURT** |

CV 12 0307

12 0307 JSC

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA,  PLAINTIFF GWENDOLYN GAVIN AND TO

HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant HILTON WORLDWIDE, INC. hereby invokes

this Court's jurisdiction under 28 U.S.C. §§ 1331, 1332, 1441(a) and (b), and 1442 and removes

the above-entitled action to this Court from the Superior Court of the State of California in and

for the County of San Mateo.  The grounds for removal are two-fold, based on diversity of

citizenship jurisdiction and on federal question jurisdiction, as follows:

1.      On December 19, 2011 an action was commenced in the Superior Court of the

State of California in and for the County of San Mateo, entitled *Gwendolyn Gavin v. Hilton*

1

*Worldwide, Inc. dba Doubletree San Francisco Airport By Hilton, and Does 1 Through 15,*
*Inclusive*, San Mateo Superior Court Case No. CIV 510537 (the "Action").  A true and correct
copy of the Summons and Complaint ("Complaint") are attached hereto as Exhibit A.

2.      This is a lawsuit filed by Plaintiff Gwendolyn Gavin ("Plaintiff) against her
former employer, Hilton Worldwide, Inc. dba Doubletree Hotel – San Francisco Airport
("Defendant"), in which Plaintiff alleges: (1) First Cause of Action: Disability Discrimination
under the California Fair Employment and Housing Act ("FEHA"), Government Code § 12920
et seq. and under the federal Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et
seq.; (2) Second Cause of Action: Failure to Prevent Discrimination under the FEHA,
Government Code § 12940(k); (3) Third Cause of Action: Retaliation under the FEHA and under
the ADA; (4) Fourth Cause of Action: Wrongful Termination in Violation of Public Policy; (5)
Fifth Cause of Action: Violation of Statutory Rights Regarding Medical Information under
California Civil Code § 56 et seq., Government Code § 12940 (e)-(f), and 42 U.S.C. § 12112(d);
(6) Sixth Cause of Action: Violation of Constitutional and Common Law Privacy Rights; (7)
Seventh Cause of Action: Violation of Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601,
and California Family Rights Act ("CFRA"), Government Code 12945.2; (8) Eighth Cause of
Action: Intentional Infliction of Emotional Distress; and (9) Ninth Cause of Action: Negligence.

3.      On December 21, 2011, Plaintiff mail-served the Summons, Complaint and a
Notice of Acknowledgment and Receipt on Defendant's counsel, which was received on
December 22, 2011.  A true and correct copy of the Notice of Acknowledgment of Receipt is
attached as Exhibit B hereto.  Defendant's counsel's receipt of the Summons, Complaint and
Notice of Acknowledgment and Receipt was the first notice Defendant received of the Action.

4.      On December 30, 2011, Defendant's counsel accepted and acknowledged service
of the Complaint and Summons on Defendant's behalf.  See Exhibit B.

5.      On January 17, 2012, Defendant filed an Answer to Plaintiff's Complaint, a true
and correct copy of which is attached as Exhibit C hereto.

/ / /

/ / /

2

HILTON WORLDWIDE, INC.'S NOTICE OF                    Case No. _____
REMOVAL TO FEDERAL COURT

6.     This Notice of Removal is timely because this Notice of Removal is filed within thirty (30) days after Defendant received papers from which it could first be ascertained that the case was removable. *See* 28 U.S.C. §1446(b).

**FEDERAL QUESTION JURISDICTION**

7.     The Complaint is within the original jurisdiction of this Court based upon federal question jurisdiction pursuant to 28 U.S.C. §1331. Section 1331 states, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treatises of the United States.

8.     Sections 1441(a) and (b) of Title 28 of the United States Code provide the basis for removal jurisdiction of this action based upon federal question. Section 1441(b) states, in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or rights arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

9.     In particular, Plaintiff's First Cause of Action is brought the federal Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., in addition to state law. (Complaint, ¶¶ 23, 25 and 31). Plaintiff's Third Cause of Action is also brought under the under the ADA, 42 US.C. 12101 et seq. (Complaint, ¶ 41). Her Fifth Cause of Action is brought under 42 U.S.C. § 12112(d) of the ADA. (Complaint, ¶¶ 48, 49). Plaintiff's Seventh Cause of Action is premised on a violation of the federal Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601. (Complaint, ¶¶ 61, 62, 63 and 64).

**DIVERSITY OF CITIZENSHIP JURISDICTION**

10.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332(a) (diversity of citizenship) and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(a) and (b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

/ / /

3

HILTON WORLDWIDE, INC.'S NOTICE OF
REMOVAL TO FEDERAL COURT                          Case No. _____

1    11.    Defendant is informed and believes Plaintiff was at the time she filed this action

2    and still is a citizen and resident of the State of California, as alleged in paragraph 1 of the

3    Complaint.

4    12.    Defendant presently is a citizen of the State of Delaware and the State of Virginia,

5    and was so at the time Plaintiff filed her Complaint.  A corporate defendant "shall be deemed to

6    be a citizen of any State by which it has been incorporated and of the State where it has its

7    principal place of business ..." 28 U.S.C. § 1331(c)(1).  Both at the time Plaintiff filed her

8    Complaint in San Mateo County Superior Court and at the time Defendant moves this Court for

9    removal of the action, Defendant was incorporated under the laws of the State of Delaware.

10   Defendant's principal place of business currently is, and was at the time Plaintiff filed her

11   Complaint, the Commonwealth of Virginia.  Although Defendant does business throughout the

12   continental United States, it controls its nationwide operations from McLean, Virginia, where its

13   headquarters and executive and administrative offices are located.

14   13.    The presence of "Doe" defendants in the Complaint has no bearing on diversity

15   with respect to removal.  28 U.S.C. § 1441(a).

16   14.    Without conceding that Plaintiff is entitled to damages or could recover damages

17   in any amount whatsoever, the amount in controversy in this action exceeds $75,000.  28 U.S.C.

18   §1332(a).   Where a plaintiff's state court complaint is silent as to the amount of damages

19   claimed, the removing defendant need only establish that it is more probable than not that

20   plaintiff's claim exceeds the jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co.,* 95

21   F.3d 856, 860-861 (9th Cir. 1996).  The amount in controversy exceeds the sum of $75,000,

22   exclusive of interest and costs, for the following reasons:

23          a.    The Complaint alleges Plaintiff was employed by Defendant for 5 years.

24   (Complaint, ¶ 6).  Plaintiff alleges she worked around 30 hours a week on a modified work

25   schedule, for which she earned around $57,000 until January 2011 when her pay was reduced to

26   around $43,000.  (Complaint, ¶¶ 8, 15).  Plaintiff alleges she was wrongfully terminated on or

27   about July of 2011 and has suffered damages caused therefrom.  (Complaint, ¶15 and prayer for

28   relief.)

4

HILTON WORLDWIDE, INC.'S NOTICE OF                    Case No. _____
REMOVAL TO FEDERAL COURT

b. Plaintiff, on her nine causes of action, seeks damages for loss of earnings, employment benefits, attorney's fees and legal expenses, damages for emotional distress, humiliation, and mental anguish, exemplary and punitive damages, and "such other and further relief as the Court deems just and proper." (Complaint, ¶¶ 31, 34, 35, 39, 40, 41, 45, 46, 50, 51, 58, 59, 65, 66, 69, 70, 74, 75 and 76, and Prayer for Relief).

c. In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2nd 993, 1001 (C.D. Cal. 2002), *citing, Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1, (9th Cir. 2002).

d. The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998). The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *See, e.g., Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in individual employment discrimination cases often exceed damages).

e. Cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S, supra*, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons, supra*, 209 F.Supp.2d at 1035.

f. Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). *See also, Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994). In *Aucina*, the

5

1  defendant-employer established the amount in controversy exceeded the jurisdictional minimum

2  where the former employee asserted claims for lost wages, lost benefits, mental anguish, and

3  punitive damages. The court noted: "[b]ecause the purpose of punitive damages is to capture a

4  defendant's attention and deter others from similar conduct", the plaintiff's claim for punitive

5  damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Thus, although

6  Defendant vigorously denies Plaintiff's allegations and claims, if Plaintiff was to prevail on her

7  discrimination, retaliation, wrongful termination, and other causes of action and establish the

8  requisite state of mind, the potential punitive damages award alone against a defendant such as

9  Hilton Worldwide, Inc. could well exceed the $75,000 jurisdictional minimum.

10         g.      Accordingly, for these reasons, Plaintiff's allegations satisfy the

11  jurisdictional prerequisite for amount in controversy. It cannot be said to a legal certainty that

12  Plaintiff would not be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific*

13  *Financial Services, Inc.,* 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383,

14  386-387 (10th Cir. 1994).

15         h.      Therefore, the alleged claims, damages and fees requested in Plaintiff's

16  Complaint demonstrate the amount in controversy in this case exceeds the requirement under 28

17  U.S.C. §1332(a) (diversity of citizenship jurisdiction).

18  **VENUE**

19         15.     Venue lies in the United States District Court for the Northern District of

20  California, pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) because this is the judicial district in

21  which the action arose.

22         16.     Accordingly, assignment to the San Francisco Division of the Northern District is

23  proper pursuant to Local Rule 3.2, which provides:

24             **San Francisco and Oakland**. Except as provided in Civil L.R. 3-
               2(c), all civil actions which arise in the counties of Alameda,
25             Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino,
               Napa, San Francisco, San Mateo or Sonoma shall be assigned to
26             the San Francisco Division or the Oakland Division.

27         17.     At all times relevant to the Complaint, Plaintiff worked for Defendant at its hotel

28  located in Burlingame, County of San Mateo, California.

6

1    WHEREFORE, Defendant HILTON WORLDWIDE, INC. prays that the above action

2  now pending against it in the Superior Court of the State of California in and for the County of

3  San Mateo be removed therefrom to this Court.

4

5  Dated: January 19, 2012                    RESPECTFULLY SUBMITTED,

6                                             JACKSON LEWIS LLP

7

8                                      By:

9                                             Jamerson C. Allen
                                              Cara Ching-Senaha
10                                            Attorneys for Defendant
                                              HILTON WORLDWIDE, INC. DBA
11                                            DOUBLETREE HOTEL - SAN FRANCISCO
                                              AIRPORT
12

13

14

15   4817-2798-1582, v. 1

16

17

18

19

20

21

22

23

24

25

26

27

28
                                             7
     HILTON WORLDWIDE, INC.'S NOTICE OF              Case No.
     REMOVAL TO FEDERAL COURT

# EXHIBIT A

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
SAN MATEO COUNTY

DEC 1 9 2011

Clerk of the Superior Court
By_____ T. Judd
**DEPUTY CLERK**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Hilton Worldwide, Inc. dba Doubletree San Francisco Airport by Hilton, and DOES 1 through 15, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Gwendolyn Gavin

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*  San Mateo Superior Court

400 County Center, Redwood City, California 94063

**CASE NUMBER:**
*(Número del Caso):*  **CIV** 5 1 0 5 3 7

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Woodall, 580 California Street, 16th Floor, San Francisco, CA 94104; (415) 413-4629

| | | | | |
|---|---|---|---|---|
| DATE: *(Fecha)* | DEC 1 9 2011 | **JOHN C. FITTON** Clerk, by *(Secretario)* | **T. JUDD** | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**WOODALL LAW OFFICES**
580 CALIFORNIA STREET, 16TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE: (415) 439-4803
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM

KEVIN F. WOODALL, BAR NO. 180650

ATTORNEYS FOR PLAINTIFF, GWENDOLYN GAVIN

ENDORSED FILED
SAN MATEO COUNTY

DEC 19 2011

Clerk of the Superior Court
By_____T. Judd_____
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| GWENDOLYN GAVIN, AN INDIVIDUAL, | CASE NO. **CIV 5 1 0 5 3 7** |
| PLAINTIFF, | COMPLAINT FOR: |
| v. | 1. **DISABILITY DISCRIMINATION** |
| HILTON WORLDWIDE, INC. DBA DOUBLETREE SAN FRANCISCO AIRPORT BY HILTON, AND DOES 1 THROUGH 15, INCLUSIVE, | 2. **FAILURE TO PREVENT DISCRIMINATION** |
| | 3. **RETALIATION** |
| | 4. **WRONGFUL TERMINATION** |
| DEFENDANTS. | 5. **VIOLATION OF STATUTORY RIGHT TO PRIVACY** |
| | 6. **VIOLATION OF CONSTITUTIONAL AND COMMON LAW RIGHTS TO PRIVACY** |
| | 7. **VIOLATION OF FAMILY MEDICAL LEAVE ACT AND CALIFORNIA FAMILY RIGHTS ACT** |
| | 8. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | 9. **NEGLIGENCE** |
| | **JURY TRIAL DEMANDED** |

Plaintiff, Gwendolyn Gaven, alleges as follows:

## GENERAL ALLEGATIONS

1.     Plaintiff, Gwendolyn Gavin, is an individual who resides in Suisun City,

California.  At all times mentioned herein, Plaintiff was employed as Director of

Housekeeping by Defendant, Hilton Worldwide, Inc. dba Doubletree San Francisco

1    Airport by Hilton, at its hotel located in Burlingame, California.

2         2.    Defendant Hilton Worldwide, Inc. dba Doubletree San Francisco Airport

3    by Hilton is authorized to conduct business and conducts business in California, and

4    operates hotels throughout California, including its hotel located in Burlingame,

5    California.

6         3.    Plaintiff is ignorant of the true names and capacities of the Doe Defendants

7    sued herein as DOES 1 through 15, inclusive; therefore Plaintiff sues said Doe

8    Defendants by fictitious names.  When and if the identity of any Doe Defendant is

9    ascertained, Plaintiff will promptly seek leave to amend the complaint to allege the true

10   name(s) and capacity(ies) of those Doe Defendants.  Plaintiff is informed and believes

11   that each of these fictitiously named Doe Defendants is responsible in some manner for

12   the acts alleged herein and that Plaintiff's damages and injuries as described herein were

13   proximately caused by such Doe Defendants.

14        4.    Plaintiff is informed and believes and thereon alleges that each Doe

15   Defendant and Hilton Worldwide, Inc. dba Doubletree San Francisco Airport by Hilton

16   (collectively "Hilton" or "Defendants"), directly or indirectly, or through agents or other

17   persons, jointly employed Plaintiff, and exercised control over her working conditions.

18   Plaintiff is informed and believes and thereon alleges that, at all relevant times, each

19   Defendant was the principal, agent, partner, joint venturer, officer, director, controlling

20   shareholder, subsidiary, affiliate, parent corporation, successor in interest, and/or

21   predecessor in interest of some or all of the other Defendants, and was engaged with

22   some or all of the other Defendants in a joint enterprise for profit, and bore such other

23   relationships to some or all of the other Defendants so as to be liable for their conduct

24   with respect to the matters alleged below.  Plaintiff is informed and believes and thereon

25   alleges that each Defendant acted pursuant to and within the scope of the relationships

26   alleged above, that each Defendant knew or should have known about, and authorized,

27   ratified, adopted, approved, controlled, and aided and abetted the conduct of all other

28   Defendants.

5.      Venue is proper in San Mateo County under Code of Civil Procedure § 395 et seq., as Hilton's liability arose and injury was sustained by Plaintiff in Burlingame, California.

6.      Plaintiff's employment began with Hilton in 2006.  In or before 2007, Plaintiff was diagnosed with chronic, severe depression, a "serious health condition" as defined by the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and the California Family Rights Act ("CFRA"), Government Code § 12945.2 et seq., and a "disability" that limited and substantially limited one or more major life activities as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. and the Fair Employment and Housing Act ("FEHA"), Government Code § 12900 et seq. Hilton was a "covered entity" or "employer" as defined by the FMLA, CFRA, ADA and FEHA, and was required to comply with each of those statutes.

7.      In 2007, Plaintiff requested and received a leave of absence due to her medical condition by providing a FMLA/CFRA certification form completed by her physician.  After returning from her leave of absence in 2007, Plaintiff notified Hilton that she was receiving treatment for her medical condition during the afternoons from Monday through Friday each week, and requested reasonable accommodations and intermittent leaves of absence to attend treatment.  Plaintiff submitted multiple physician notes and FMLA/CFRA certification forms, in which her physician confirmed that Plaintiff suffered from a chronic and ongoing condition, and required treatment during the afternoons from Monday through Friday each week.

8.      After multiple discussions with her supervisor, Jim Ensign, Plaintiff was provided with reasonable accommodations and intermittent leave starting in or about 2007 or early 2008.  Hilton not only knew that Plaintiff had a disability as defined by the ADA and FEHA, but Plaintiff was regarded by Hilton as having a disability from 2007 until her employment was terminated in July, 2011.  Plaintiff's schedule was modified to allow her to attend treatment during the afternoons from Monday through Friday each week.  Specifically, Plaintiff was scheduled to work on the weekends, take off from work

1    on two weekdays, and work the mornings of the remaining three weekdays.  While on

2    this modified schedule, Plaintiff worked approximately 30 hours each week, earned an

3    annual salary of $57,000, and received positive performance reviews from her supervisor.

4    Plaintiff was able to perform her essential duties with reasonable accommodations while

5    employed by Hilton.

6         9.    Although Plaintiff continued to provide physician notes and FMLA/CFRA

7    certification forms to Hilton from 2007 until late June, 2010, in which her physician

8    noted the same reasonable accommodations and intermittent leave were necessary for her

9    medical condition, the new Interim General Manager, Ahmed Mahrous, notified Plaintiff

10   that she would no longer receive them (i.e., the modified schedule) to attend her

11   treatment based upon his conversation with Xina Kurihara, Director of Human

12   Resources.  Plaintiff contested this decision to Mr. Mahrous and Ms. Kurihara by

13   reminding them she recently submitted physician notes and FMLA/CFRA certification

14   forms noting her chronic condition, the continued need to attend treatment, and the need

15   to maintain the modified schedule.  Despite this fact, Mr. Mahrous and Ms. Kurihara

16   refused to provide the reasonable accommodations and intermittent leave that Plaintiff

17   received since 2007, in violation of the ADA, FEHA, FMLA and CFRA.

18        10.   During her conversation with Ms. Kurihara in late June, 2010, Plaintiff

19   discovered that despite her refusal to seek FMLA/CFRA leave and obtain a certification

20   from her physician (or provide an authorization for her employer to obtain her medical

21   information) in late September, 2009, Clifford Fernando, Hilton's Assistant Human

22   Resources Manager, sought and obtained her private medical information without her

23   knowledge or consent from her physician in October, 2009.  Then, Hilton used and

24   disclosed this private medical information.  This private medical information was

25   consistent with all other physician notes and FMLA/CFRA certification forms obtained

26   by Plaintiff, confirming that Plaintiff had a lifelong, recurring serious health condition,

27   and that she continued to need treatment, intermittent leave, and a modified schedule.

28        11.   As a result of Hilton's failure to provide reasonable accommodations and

4

COMPLAINT

1   intermittent leave, Plaintiff was unable to continue her treatment schedule, which resulted

2   in a prompt deterioration of Plaintiff's health.  In fact, approximately 10 days after

3   Plaintiff was denied her reasonable accommodation and intermittent leave, Plaintiff

4   attempted suicide, was hospitalized on multiple occasions, and required intensive out-

5   patient treatment, such that Plaintiff was unable to work and remained on a protected

6   leave of absence from early July, 2010 until October, 2010.  Plaintiff was not

7   compensated by Hilton during her leave of absence.

8          12.    During her leave of absence, Plaintiff filed an administrative complaint

9   against Hilton with the Equal Employment Opportunity Commission ("EEOC"), in which

10  she asserted disability discrimination, failure to provide reasonable accommodations, and

11  violation of her privacy by obtaining private medical information without her knowledge

12  or consent.  In addition, Plaintiff requested that Hilton conduct an investigation into her

13  allegations that the Human Resources Department obtained her private medical

14  information without her knowledge or consent.  Contrary to the facts, in Hilton's internal

15  investigation, it incorrectly determined that Plaintiff authorized the release of her private

16  medical information and/or that Hilton's Human Resources Department never contacted

17  Plaintiff's physician in September or October, 2010.

18         13.    When Plaintiff returned from her leave of absence in October, 2010, her

19  physician required that Plaintiff work a reduced schedule, approximately 12 hours per

20  week, to attend intensive treatment.  Although Hilton permitted the reduced schedule for

21  a couple of months, it took away job duties that Plaintiff was able to perform and reduced

22  Plaintiff's compensation to 30 percent of what she made prior to Hilton's denial of her

23  continued reasonable accommodations and intermittent leave in late June, 2010.  The

24  reduced compensation and reduced schedule continued until December, 2010, when

25  Plaintiff returned to the modified schedule that she had from 2007 until late June, 2010.

26         14.    In late 2010, Plaintiff filed another EEOC complaint alleging that Hilton

27  retaliated against her by taking away her duties that she was able to perform, such as

28  scheduling and ordering supplies, and not providing her with subordinates' performance

1   evaluations to review.

2       15.    Even though Plaintiff worked the same modified schedule and number of

3   hours per week (i.e., approximately 30 hours per week) that she did prior to June, 2010,

4   her salary was reduced from $57,000 to $43,000 per year in January, 2011, which

5   continued until her employment was terminated in July, 2011.  On information and belief,

6   Hilton reduced Plaintiff's compensation because she had a disability and was regarded as

7   having a disability, filed complaints with the EEOC and made complaints of

8   unauthorized access to her private medical information, refused to provide authorization

9   to obtain medical information, and took protected leaves of absence under the ADA,

10  FEHA, CFRA and FMLA.

11      16.    From late 2010 until July, 2011, Hilton disciplined Plaintiff because, on

12  information and belief: (a) she had a disability as defined by the ADA and FEHA and

13  was regarded as having a disability by Hilton, (b) she made complaints of disability

14  discrimination to the EEOC and complaints of unauthorized access to her private medical

15  information, (c) she refused to provide authorization to obtain her medical information,

16  and (d) she took protected leaves of absence under the CFRA and FMLA.

17      17.    In March, 2011, Plaintiff requested to leave work and visit her physician

18  due to anxiety, as she felt an imminent panic attack.  Plaintiff's supervisors, Edgar Cal

19  and Mike McKee, would not allow Plaintiff to leave for treatment.  This resulted in

20  Plaintiff having a panic attack and having to be taken to the emergency room at a local

21  hospital by co-worker.  After this incident, Plaintiff was prescribed new medication to

22  address the issues created by Hilton's failure to accommodate Plaintiff and provide her

23  with a protected leave of absence.

24      18.    In April, 2011, Plaintiff and Hilton participated in mediation with the

25  EEOC, but her claims were not settled.

26      19.    Shortly thereafter, in July, 2011, Plaintiff's employment was terminated by

27  Hilton.  On information and belief, Hilton terminated Plaintiff's employment because she

28  had a disability and was regarded as having a disability, filed complaints with the EEOC

1    and made complaints of unauthorized access to her private medical information, refused

2    to provide authorization to obtain her medical information, and took protected leaves of

3    absence under the ADA, FEHA, CFRA and FMLA.

4         20.    Hilton failed to take all reasonable steps necessary to prevent the

5    harassment and discrimination.

6         21.    Plaintiff exhausted her administrative remedies by filing timely complaints

7    against Defendants with the Department of Fair Employment and Housing ("DFEH") and

8    the EEOC, receiving right-to-sue notices from those agencies and serving Defendants

9    with the administrative complaints and right-to-sue notices, and filing this Complaint in a

10   timely manner after receiving the right-to-sue notices.

11                       **FIRST CAUSE OF ACTION**
     **Disability Discrimination (Gov't Code § 12920 et seq. and 42 U.S.C. § 12101 et seq.)**
12
                        Against All Defendants
13

14        22.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

15        23.    At all relevant times, Hilton was the employer and Plaintiff was an

16   employee of Hilton under the Fair Employment and Housing Act, Government Code

17   § 12920 et seq., and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.

18        24.    From 2007 until her employment was terminated in July, 2011, Plaintiff

19   had a disability, chronic and severe depression that limited one or more major life

20   activities including, but not limited to, mental and emotional processes, interacting and

21   communicating with others, and thinking and concentrating.  Hilton also regarded

22   Plaintiff as having a disability that limited one or more major life activities.

23        25.    Plaintiff was qualified for her position and able to perform the essential

24   functions of her position with a reasonable accommodation.  As Plaintiff's physician

25   indicated to Hilton, Plaintiff could perform the essential functions of her position with

26   reasonable accommodations, including a modified schedule to permit her to attend

27   treatment.  Although Plaintiff requested such reasonable accommodations, which were

28   provided to Plaintiff from 2007 until June, 2010, Hilton refused to engage in a timely,

1   good faith interactive process and discontinued the reasonable accommodations in late

2   June, 2010. Had Hilton continued to provide the reasonable accommodations, Plaintiff

3   would have been able to perform the essential functions of the position and/or enjoy the

4   benefits and privileges of nondisabled employees, as required by the FEHA and ADA.

5          26.    As a result of Hilton's failure to provide reasonable accommodations,

6   Plaintiff was unable to continue her treatment schedule, which resulted in the prompt

7   deterioration of her health. In fact, approximately 10 days after Plaintiff was denied her

8   reasonable accommodations, Plaintiff attempted suicide, was hospitalized on multiple

9   occasions, and required intensive out-patient treatment, such that Plaintiff was unable to

10  work and remained on a protected leave of absence from early July, 2010 until October,

11  2010. Plaintiff was not compensated by Hilton during her leave of absence.

12         27.    On information and belief, after returning from her unpaid leave of absence,

13  Hilton discriminated against Plaintiff because of her disability by taking away duties that

14  Plaintiff was able to perform, disciplining her without justification, and reducing her

15  salary from approximately $57,000 to $43,000 per year, even though Plaintiff was

16  working the same modified schedule and number of hours she worked from 2007 until

17  June, 2010.

18         28.    On information and belief, in July, 2011, Hilton terminated Plaintiff's

19  employment because Plaintiff had a disability and Hilton regarded Plaintiff as having a

20  disability.

21         29.    As a direct and proximate result of Hilton's willful, knowing and

22  intentional failure to engage in a timely, good faith interactive process, failure to provide

23  a reasonable accommodation to Plaintiff, and disability discrimination, Plaintiff has

24  suffered and will continue to suffer pain and suffering, severe mental anguish and

25  emotional and physical distress and injury, expenses, humiliation, anxiety, loss of

26  earnings, past and future, and other employment benefits and job opportunities in an

27  amount to be determined at trial, all in excess of the Court's jurisdiction.

28         30.    In doing the acts alleged herein, Hilton acted fraudulently, willfully,

1    intentionally, maliciously and with oppression, and in conscious disregard of the rights

2    and safety of Plaintiff, thereby entitling Plaintiff to an award of exemplary and punitive

3    damages in an amount to be proven at trial.

4        31.    Plaintiff has also incurred and continues to incur legal expenses and

5    attorneys' fees.  Plaintiff is presently unaware of the precise amount of these expenses

6    and fees.  Plaintiff requests attorneys' fees pursuant to the FEHA and ADA.

7                            **SECOND CAUSE OF ACTION**

8             **Failure to Prevent Discrimination (Gov't Code § 12940(k) et seq.)**

9                            Against All Defendants

10       32.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

11       33.    At all relevant times, Hilton was required to, but failed to take all

12   reasonable steps necessary to prevent discrimination under Government Code § 12940(k)

13   et seq.

14       34.    As a direct and proximate result of Hilton's failure to take all reasonable

15   steps necessary to prevent discrimination, Plaintiff has suffered and will continue to

16   suffer pain and suffering, severe mental anguish and emotional and physical distress and

17   injury, expenses, humiliation, anxiety, loss of earnings, past and future, and other

18   employment benefits and job opportunities in an amount to be determined at trial, all in

19   excess of the Court's jurisdiction.

20       35.    Plaintiff has also incurred and continues to incur legal expenses and

21   attorneys' fees.  Plaintiff is presently unaware of the precise amount of these expenses

22   and fees.  Plaintiff requests attorneys' fees pursuant to Government Code § 12965.

23                            **THIRD CAUSE OF ACTION**

24           **Retaliation (Gov't Code § 12920 et seq. and 42 U.S.C. § 12101 et seq.)**

25                            Against All Defendants

26       36.    Plaintiff incorporates all of the foregoing paragraphs as though fully set

27   forth herein.

28       37.    Plaintiff made complaints to Hilton of disability discrimination, failure to

1  provide reasonable accommodations and obtaining her private medical information

2  without her knowledge or consent from June, 2010 until her employment was terminated

3  in July, 2011.  In or about September and December, 2010, Plaintiff filed complaints with

4  the EEOC against Hilton alleging disability discrimination, obtaining her private medical

5  information without her knowledge and consent, and retaliation.

6      38.     On information and belief, because Plaintiff made such complaints of

7  discrimination, retaliation, obtaining her private medical information without her

8  knowledge or consent, and other illegal conduct, she was subjected to unwarranted

9  discipline, her duties were taken away from her, her salary was reduced, and her

10  employment was terminated, among other things.

11      39.     As a direct and proximate result of Hilton's willful, knowing and

12  intentional retaliation of her, Plaintiff has suffered and will continue to suffer pain and

13  suffering, severe mental anguish and emotional and physical distress and injury,

14  expenses, humiliation, anxiety, loss of earnings, past and future, and other employment

15  benefits and job opportunities in an amount to be determined at trial, all in excess of the

16  Court's jurisdiction.

17      40.     In doing the acts alleged herein, Hilton acted willfully, intentionally,

18  maliciously and with oppression, and in conscious disregard of the rights and safety of

19  Plaintiff, thereby entitling Plaintiff to an award of exemplary and punitive damages in an

20  amount to be proven at trial.

21      41.     Plaintiff has also incurred and continues to incur legal expenses and

22  attorneys' fees.  Plaintiff is presently unaware of the precise amount of these expenses

23  and fees.  Plaintiff requests attorneys' fees pursuant to the FEHA and ADA.

24                          **FOURTH CAUSE OF ACTION**
                   <u>**Wrongful Termination in Violation of Public Policy**</u>
25
                               Against all Defendants
26

27      42.     Plaintiff incorporates all of the foregoing paragraphs as though fully set

28  forth herein.

43.     The FEHA and ADA prohibit disability discrimination and retaliation because an employee reports discrimination to the EEOC or DFEH.  The CFRA and FMLA prohibit discrimination or retaliation for taking protected leaves of absence.  All such provisions within the FEHA, ADA, FMLA and CFRA were substantial and fundamental public policies that existed during Plaintiff's employment at Hilton and when she was discharged by Hilton.

44.     As alleged earlier, Hilton terminated Plaintiff's employment in July, 2011 because, on information and belief, she had a disability or was regarded as having a disability, she requested reasonable accommodations, she made complaints of disability discrimination and violation of her privacy rights, and she took protected leaves of absence.  In terminating Plaintiff's employment for these reasons, Hilton violated fundamental public policies established in the FEHA, ADA, FMLA and CFRA.

45.     As a direct and proximate result of Hilton's conduct, Plaintiff has suffered and will continue to suffer pain and suffering, severe mental anguish and emotional and physical distress and injury, expenses, humiliation, anxiety, loss of earnings, past and future, and other employment benefits and job opportunities in an amount to be determined at trial, all in excess of the Court's jurisdiction.

46.     In doing the acts alleged herein, Hilton acted willfully, intentionally, maliciously and with oppression, and in conscious disregard of the rights and safety of Plaintiff, thereby entitling Plaintiff to an award of exemplary and punitive damages in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
**Violation of Statutory Privacy Rights Regarding Medical Information**
**(Civil Code § 56 et seq., Gov't Code 12940(e)-(f), and 42 U.S.C. § 12112(d)**

Against all Defendants

47.     Plaintiff incorporates all of the foregoing paragraphs as though fully set forth herein.

48.     The California Confidentiality of Medical Information Act, California Civil Code § 56 et seq., the FEHA, Government Code § 12940(e)-(f), and ADA, 42 U.S.C. §

11
COMPLAINT

12112(d), place obligations and restrictions on California employers with regard to requests and inquiries for medical information from employees. For example, employers are prohibited from using or disclosing medical information of employees without obtaining signed authorization from the employee, making inquiries regarding the existence, nature or severity of a medical condition or disability, and discriminating against employees who refuse to provide authorization.

49.   On information and belief, Hilton violated the California Confidentiality of Medical Information Act, the FEHA and ADA by (1) failing to obtain signed authorization from Plaintiff to obtain, use and disclose her private medical information, (2) making inquiries to Plaintiff's physician without her knowledge or consent to learn the existence, nature and severity of her medical condition or disability, (3) obtaining, using and disclosing her private medical information, and (4) discriminating against Plaintiff for refusing to provide authorization to obtain her private medical information.

50.   As a direct and proximate result of Hilton's conduct, Plaintiff has suffered and will continue to suffer pain and suffering, severe mental anguish and emotional and physical distress and injury, expenses, humiliation, anxiety, loss of earnings, past and future, and other employment benefits and job opportunities in an amount to be determined at trial, all in excess of the Court's jurisdiction.

51.   In doing the acts alleged herein, Hilton acted willfully, intentionally, maliciously and with oppression, and in conscious disregard of the rights and safety of Plaintiff, thereby entitling Plaintiff to an award of exemplary and punitive damages in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
### Violation of Constitutional and Common Law Privacy Rights
Against all Defendants

52.   Plaintiff incorporates all of the foregoing paragraphs as though fully set forth herein.

53.   Employees within Hilton's Human Resources Department and other

12

COMPLAINT

1    departments were employed by Hilton at all relevant times and acting within the course

2    and scope of their authority and with the permission and consent of Hilton.

3          54.   Plaintiff had a reasonable expectation that her private medical information

4    would not be accessed or sought by Hilton and its employees without her knowledge and

5    consent.

6          55.   On information and belief, Hilton's employees intentionally invaded and

7    intruded into Plaintiff's zone of privacy by seeking and obtaining from Plaintiff's

8    physician her private medical information in September and October, 2009, even though

9    Plaintiff refused to provide consent for Hilton to obtain this information in September,

10   2009. Among other laws, this unlawful conduct violated the rights afforded Plaintiff by

11   Article 1, Section 1 of the California Constitution and common law privacy rights.

12         56.   The intrusion was highly offensive and objectionable to Plaintiff and to a

13   reasonable person of ordinary sensibilities in that it was the kind of information that was

14   intimate and private.

15         57.   The intrusion was into a place or thing which was private and entitled to be

16   private in that it concerned Plaintiff's health, medical condition and disability. It was not

17   the kind of information that was required to be disclosed to an employer or an employer's

18   human resources department, as Plaintiff was not seeking protected leaves of absence for

19   the week in question.

20         58.   As a proximate result of the above conduct, Plaintiff suffered humiliation,

21   embarrassment, hurt feelings, mental anguish, lost compensation and other damages, all

22   to her general damages in an amount according to proof.

23         59.   By engaging in the invasion of privacy, Hilton is guilty of oppression,

24   fraud, or malice, in that they took the action with the intent to vex, injure, or annoy

25   Plaintiff and with a willful and conscious disregard of Plaintiff's rights. Plaintiff

26   therefore seeks an award of punitive damages.

27

28

**SEVENTH CAUSE OF ACTION**
**Violation of Family and Medical Leave Act and California Family Rights Act**
**(29 U.S.C. § 2601 et seq. and Gov't Code § 12945.2 et seq.)**

Against all Defendants

60.     Plaintiff incorporates all of the foregoing paragraphs as though fully set forth herein.

61.     At all times alleged herein, Hilton was covered by and required to comply with the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., and the California Family Rights Act, Government Code § 12945.2 et seq., and Plaintiff was eligible for leave and the other protections afforded by those statutes.

62.     Plaintiff had a "serious health condition" as defined by the FMLA and CFRA, provided sufficient notice of her intent to take such leave, and was entitled to 12 workweeks of leave within a 12-month period to be adjusted on a pro rata basis if necessary and intermittent leave or reduced schedule leave.

63.     Plaintiff is informed and believes that although she was eligible for protected leaves of absence under the FMLA and CFRA and complied with all requirements in the FMLA and CFRA, including providing medical certifications to Hilton, Hilton willfully denied and interfered with the FMLA and CFRA benefits to which she was entitled.

64.     Under the FMLA and CFRA, Hilton was prohibited from retaliating or discriminating against Plaintiff for taking or requesting protected leaves of absence, or complaining about or opposing violations of the FMLA and CFRA.  On information and belief, Hilton willfully engaged in prohibited retaliation and discrimination by taking away duties that Plaintiff was capable of performing, disciplining Plaintiff, reducing Plaintiff's compensation, and terminating Plaintiff's employment.

65.     As a direct and proximate result of Hilton's conduct, Plaintiff has suffered and will continue to suffer pain and suffering, severe mental anguish and emotional and physical distress and injury, expenses, humiliation, anxiety, loss of earnings, past and

14

1    future, and other employment benefits and job opportunities in an amount to be

2    determined at trial, all in excess of the Court's jurisdiction.

3       66.   In doing the acts alleged herein, Hilton acted willfully, intentionally,

4    maliciously, and with oppression and in conscious disregard of the rights and safety of

5    Plaintiff, thereby entitling Plaintiff to an award of exemplary and punitive damages in an

6    amount to be proven at trial.

### EIGHTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

Against all Defendants

7

8

9

10      67.   Plaintiff incorporates all of the foregoing paragraphs as though fully set

11   forth herein.

12      68.   The conduct of Hilton as set forth above was so extreme and outrageous

13   that it exceeded the boundaries of a decent society and lies outside of the compensation

14   bargain.  Said conduct was intended to cause severe emotional distress, or was done in

15   conscious disregard of the probability of causing severe emotional distress.  Said conduct

16   is also in violation of public policy.

17      69.   As a proximate result of the wrongful conduct of Hilton, Plaintiff has

18   suffered and continues to suffer severe and continuous humiliation, emotional distress,

19   and mental pain and anguish, all to her damage in an amount according to proof at the

20   time of trial.

21      70.   In doing the acts herein alleged, Hilton acted with oppression, fraud,

22   malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore

23   entitled to punitive damages according to proof at the time of trial.

### NINTH CAUSE OF ACTION
### Negligence

Against all Defendants

24

25

26

27      71.   Plaintiff incorporates all of the foregoing paragraphs as though fully set

28   forth herein.

COMPLAINT

72.     Hilton owed a duty of care to Plaintiff and knew, or reasonably should have known, that the FEHA and ADA required them to reasonably accommodate Plaintiff's disability.

73.     At all relevant times, Hilton knew, or reasonably should have known, that the conduct, acts, and failure to act of their managers, supervisors, and agents violated Plaintiff's rights under the statutory and regulatory law of the State of California and federal law concerning disabled employees, which laws constitute public policy of the State of California. Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace.

74.     At all relevant times, Hilton knew, or reasonably should have known, that the incidents, conduct, acts and failures to act described above, would and did proximately result in physical and serious emotional injury to Plaintiff, including but not limited to loss of sleep, anxiety, tension, depression and humiliation.

75.     As a proximate result of the wrongful conduct of Hilton, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

76.     As a proximate result of the wrongful conduct of Hilton, Plaintiff has suffered humiliation, serious emotional distress, and mental pain and anguish, all to her damage in an amount according to proof at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows, in amounts according to proof (where amounts are sought):

    A. Judgment in favor of Plaintiff and against Defendants;

    B. General, special and compensatory damages;

    C. Punitive damages;

    D. Pre-judgment interest;

1        E.      Attorney's fees under the Government Code § 12920 et seq.,

2    including Government Code § 12965, the Americans with Disabilities Act (42 U.S.C.

3    § 12101 et seq.), California Civil Code § 56 et seq., and the Family Medical Leave Act

4    (29 U.S.C. § 2601 et seq.) and other applicable provisions of law;

5        F.      Reinstatement to her position;

6        G.      Liquidated damages;

7        H.      Costs of suit; and

8        I.      Such other relief as required by law, which the Court deems just

9    and proper.

10   DATE:  <u>December 19, 2011</u>           WOODALL LAW OFFICES

11

12

13                                         BY: _____

14                                              Kevin F. Woodall
                                            Attorneys for Plaintiff, Gwendolyn
                                            Gavin

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kevin F. Woodall (SBN 180650) Woodall Law Offices 580 California Street, 16th Floor San Francisco, CA 94104 | **RECEIVED** DEC 19 2011 CLERK OF THE SUPERIOR COURT SAN MATEO COUNTY |

TELEPHONE NO.: 415.413.4629    FAX NO.: 866.937.4109
ATTORNEY FOR (Name): Gwendolyn Gavin

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch

CASE NAME:
Gwendolyn Gavin v. Hilton Worldwide, Inc. dba Doubletree San Fran.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **CIV 510537** |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify):  9 (disability discrimination, retaliation, wrongful termination, etc...)
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/19/2011

(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kevin F. Woodall (SBN 180650)<br>Woodall Law Offices<br>580 California Street, 16th Floor<br>San Francisco, CA 94104 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: 415.413.4629     FAX NO. *(Optional):* 866.937.4109
E-MAIL ADDRESS *(Optional):* kevin@kwoodalllaw.com
ATTORNEY FOR *(Name):* Gwendolyn Gavin

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
  STREET ADDRESS: 400 County Center
  MAILING ADDRESS:
  CITY AND ZIP CODE: Redwood City, CA 94063
  BRANCH NAME: Southern Branch

PLAINTIFF/PETITIONER: Gwendolyn Gavin

DEFENDANT/RESPONDENT: Hilton Worldwide, Inc. dba Doubletree San Francisco

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV 510537 |
|---|---|

TO *(insert name of party being served):* Hilton Worldwide, Inc. dba Doubletree San Francisco Airport by Hilton

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 12/21/11

Kevin Woodall
    (TYPE OR PRINT NAME)             ▶     (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*

    Notice of Case Management Conference; Case Management Statement; ADR Information Sheet; and civil case cover sheet

*(To be completed by recipient):*

Date this form is signed:

                                ▶

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)     ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# WOODALL LAW OFFICES

580 California Street, 16th Floor

San Francisco, California 94104

Main (415) 439-4803

Direct (415) 413-4629

Fax (866) 937-4109

kevin@kwoodalllaw.com

December 20, 2011

Jamerson C. Allen
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105

        Re:   *Gwendolyn Gavin v. Hilton Worldwide, Inc. dba*
                     *DoubleTree San Francisco Airport by Hilton*

Dear Mr. Allen:

During our correspondence, you confirmed that you are authorized to receive service on behalf of Hilton Worldwide, Inc. Further, you asked me to send you a Notice and Acknowledgement of Receipt for your signature, along with the Complaint, Summons and other documents. Enclosed please find those documents. Please sign and return the Notice and Acknowledgement of Receipt to me.

If you have any questions, please do not hesitate to call me.

                    Very truly yours,

                    Kevin F. Woodall

# EXHIBIT B

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kevin F. Woodall (SBN 180650)<br>Woodall Law Offices<br>580 California Street, 16th Floor<br>San Francisco, CA 94104<br><br>TELEPHONE NO.: 415.413.4629   FAX NO. *(Optional):* 866.937.4109<br>E-MAIL ADDRESS *(Optional):* kevin@kwoodalllaw.com<br>ATTORNEY FOR *(Name):* Gwendolyn Gavin | |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Redwood City, CA 94063<br>BRANCH NAME: Southern Branch | |

PLAINTIFF/PETITIONER: Gwendolyn Gavin

DEFENDANT/RESPONDENT: Hilton Worldwide, Inc. dba Doubletree San Francisco

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV 510537 |
|---|---|

TO *(insert name of party being served):* Hilton Worldwide, Inc. dba Doubletree San Francisco Airport by Hilton

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 12/21/11

Kevin Woodall
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

   Notice of Case Management Conference; Case Management Statement; ADR Information Sheet; and civil case cover sheet

*(To be completed by recipient):*

Date this form is signed: 12/30/2011

Jamerson C. Allen
Hilton Worldwide, Inc.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1



**jackson|lewis**

Attorneys at Law

Representing Management Exclu... y in Workplace Law and Related Litigation

Jackson Lewis LLP
199 Fremont Street
10th Floor
San Francisco, California 94105
Tel 415 394-9400
Fax 415 394-9401
www.jacksonlewis.com

| ALBANY, NY | ...ROIT, MI | MILWAUKEE, WI | PORTLAND, OR |
| ALBUQUERQUE, NM | GREENVILLE, SC | MINNEAPOLIS, MN | PORTSMOUTH, NH |
| ATLANTA, GA | HARTFORD, CT | MORRISTOWN, NJ | PROVIDENCE, RI |
| BALTIMORE, MD | HOUSTON, TX | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| BIRMINGHAM, AL | INDIANAPOLIS, IN | NEW YORK, NY | RICHMOND, VA |
| BOSTON, MA | JACKSONVILLE, FL | NORFOLK, VA | SACRAMENTO, CA |
| CHICAGO, IL | LAS VEGAS, NV | OMAHA, NE | SAN DIEGO, CA |
| CINCINNATI, OH | LONG ISLAND, NY | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CLEVELAND, OH | LOS ANGELES, CA | ORLANDO, FL | SEATTLE, WA |
| DALLAS, TX | MEMPHIS, TN | PHILADELPHIA, PA | STAMFORD, CT |
| DENVER, CO | MIAMI, FL | PHOENIX, AZ | WASHINGTON, DC REGION |
| | | PITTSBURGH, PA | WHITE PLAINS, NY |

December 30, 2011

**FIRST CLASS MAIL**

Kevin Woodall
Woodall Law Offices
580 California Street, 16th Floor
San Francisco, California 94104

      Re: Gwendolyn Gavin v. Hilton Worldwide, Inc. dba
        Doubletree San Francisco Airport by Hilton
        Case Number CIV 510537

Dear Mr. Woodall:

    Attached, please find the original Acknowledgment of Receipt executed on behalf of
Defendant Hilton Worldwide, Inc., in the above-referenced matter. Thank you.

        Sincerely yours,

        JACKSON LEWIS LLP

        Cheryl Cleary
        Acting Assistant to Jamerson C. Allen

Attachment

4846-0526-5678, v. 1

# EXHIBIT C

1    Jamerson C. Allen (SBN 122745)
     Cara Ching-Senaha (SBN 209467)
2    JACKSON LEWIS LLP
     199 Fremont Street, 10th Floor
3    San Francisco, California 94105
     Telephone: (415) 394-9400
4    Facsimile: (415) 394-9401
     Email: allenj@jacksonlewis.com
5    Email: ching-senahac@jacksonlewis.com

6    Attorneys for Defendant
     HILTON WORLDWIDE, INC. DBA
7    DOUBLETREE HOTEL - SAN FRANCISCO
     AIRPORT

8

           **ENDORSED FILED**
           SAN MATEO COUNTY

           JAN 17 2012

           Clerk of the Superior Court
           By _____ G. Jackson _____
                   DEPUTY CLERK

        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 COUNTY OF SAN MATEO

10

11 | | |
|---|---|
| GWENDOLYN GAVIN, an individual, | Case No. CIV 510537 |
| | |
| Plaintiff, | **DEFENDANT HILTON** |
| | **WORLDWIDE, INC. DBA** |
| v. | **DOUBLETREE HOTEL - SAN** |
| | **FRANCISCO AIRPORT'S ANSWER** |
| HILTON WORLDWIDE, INC. DBA | **TO PLAINTIFF GWENDOLYN** |
| DOUBLETREE SAN FRANCISCO AIRPORT | **GAVIN'S UNVERIFIED COMPLAINT** |
| BY HILTON, AND DOES 1 THROUGH 15, | |
| INCLUSIVE, | Complaint Filed:    12/19/2011 |
| | |
| Defendants. | Trial Date:      None Set |

              **BY FAX**

18                  <u>**GENERAL DENIAL**</u>

19        Pursuant to Code of Civil Procedure Section 431.30(d), Defendant HILTON

20 WORLDWIDE, INC. DBA DOUBLETREE HOTEL - SAN FRANCISCO AIRPORT

21 (erroneously sued as "HILTON WORLDWIDE, INC. DBA DOUBLETREE SAN FRANCSICO

22 AIRPORT BY HILTON") (hereinafter referred to as "Defendant") denies, generally and

23 specifically, each and every allegation contained in Plaintiff GWENDOLYN GAVIN's

24 unverified "COMPLAINT FOR: 1. DISABILITY DISCRIMINATION; 2. FAILURE TO

25 PREVENT DISCRIMINATION; 3. RETALIATION; 4. WRONGFUL TERMINATION; 5.

26 VIOLATION OF STATUTORY RIGHT TO PRIVACY; 6. VIOLATION OF

27 CONSTITUTIONAL AND COMMON LAW RIGHTS TO PRIVACY; 7. VIOLATION OF

28

1 FAMILY MEDICAL LEAVE ACT AND CALIFORNIA FAMILY RIGHTS ACT; 8.

2 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; 9. NEGLIGENCE," filed

3 December 19, 2011 (hereinafter "Complaint").

4 **AFFIRMATIVE DEFENSES**

5 Defendant also asserts the following affirmative defenses to Plaintiff's Complaint:

6 **FIRST AFFIRMATIVE DEFENSE**

7 Plaintiff's Complaint as a whole, and each purported cause of action therein, fails to state

8 facts sufficient to constitute a cause of action against Defendant for which relief may be granted.

9 **SECOND AFFIRMATIVE DEFENSE**

10 Plaintiff's employment, at all times relevant to this action, was at-will and could be

11 terminated by either party for any reason and at any time, with or without notice.

12 **THIRD AFFIRMATIVE DEFENSE**

13 Plaintiff's first, second, third, fourth, fifth, sixth and seventh causes of action are barred

14 in whole or in part by the Plaintiff's failure to timely and/or meaningfully exhaust her

15 administrative remedies under the California Fair Employment and Housing Act and/or

16 California Family Rights Act. Cal. Govt. Code §§ 12960 and 12965.

17 **FOURTH AFFIRMATIVE DEFENSE**

18 Plaintiff's Complaint as a whole, and each purported cause of action therein, are barred in

19 whole or in part because Defendant's acts and omissions were taken for legitimate, non-

20 discriminatory and non-retaliatory business reasons.

21 **FIFTH AFFIRMATIVE DEFENSE**

22 Plaintiff's Complaint as a whole, and each purported cause of action therein, is barred in

23 whole or in part because assuming *arguendo* that discriminatory and/or retaliatory reasons were

24 a factor in any employment decision involving Plaintiff, which Defendant denies, Defendant

25 would have made the same employment decisions with regard to Plaintiff in any case for

26 legitimate, non-discriminatory and non-retaliatory business reasons.

27 **SIXTH AFFIRMATIVE DEFENSE**

28 Plaintiff is barred in whole or in part from recovering any damages, or any recovery must

1  be reduced, because Defendant exercised reasonable care to prevent and correct discriminatory

2  and/or retaliatory behavior, and Plaintiff unreasonably failed to avail herself of the internal

3  preventive or corrective remedies provided by Defendant to prevent and to otherwise avoid such

4  harm.

5  **SEVENTH AFFIRMATIVE DEFENSE**

6  If Plaintiff sustained any loss, injury, damage or detriment as alleged in the Complaint,

7  such loss, injury, damage or detriment was caused and contributed to by the actions of Plaintiff

8  because Plaintiff did not exercise reasonable care, and Plaintiff's loss, injury, damage or

9  detriment, if any, should be reduced in proportion to the percentage of Plaintiff's own

10  comparative or contributory negligence.

11  **EIGHTH AFFIRMATIVE DEFENSE**

12  Plaintiff is barred in whole or in part from recovering any damages, or any recovery must

13  be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged

14  damages.

15  **NINTH AFFIRMATIVE DEFENSE**

16  Plaintiff's damages, if any, are to be reduced by all income received by Plaintiff after her

17  separation from employment by Defendant.  Such income shall include all earned income, state

18  disability payments, social security payments, private disability insurance, Medi-Cal and

19  Medicare benefits, and any other monies paid to Plaintiff in compensation for services rendered

20  under any federal, state or local program or from any private insurance.

21  **TENTH AFFIRMATIVE DEFENSE**

22  Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by

23  Labor Code Sections 2854 or 2856 in that Plaintiff failed to use ordinary care and diligence in

24  the performance of her duties and failed to comply substantially with the reasonable directions of

25  Defendant.

26  **ELEVENTH AFFIRMATIVE DEFENSE**

27  Plaintiff's prayer for punitive damages is barred by California Civil Code section

28  3295(c).  Defendant acted in good faith at all times relevant herein.  No acts attributed to

3

1  Defendant were taken with fraud, oppression or malice by an officer, director or managing agent

2  of Defendant.

3  ### TWELFTH AFFIRMATIVE DEFENSE

4  The Complaint as a whole, and each purported cause of action alleged therein, is barred

5  to the extent Plaintiff comes to this Court with unclean hands.

6  ### THIRTEENTH AFFIRMATIVE DEFENSE

7  The Complaint as a whole, and each purported cause of action alleged therein, is barred

8  to the extent Plaintiff is estopped by her own conduct to claim any right to damages or any relief

9  against Defendant.

10  ### FOURTEENTH AFFIRMATIVE DEFENSE

11  Plaintiff's Ninth Cause of Action for Negligence, Eighth Cause of Action for Intentional

12  Infliction of Emotional Distress, Fifth Cause of Action for Violation of Statutory Right to

13  Privacy and Sixth Cause of Action for Violation of Constitutional and Common Law Right to

14  Privacy and any other claims for alleged emotional distress, injury or damage are barred in that

15  the exclusive remedy for  Plaintiff's alleged emotional distress and other injuries, if any, lies

16  under the California Workers' Compensation Act, California Labor Code §§ 3600 et seq.

17  ### FIFTEENTH AFFIRMATIVE DEFENSE

18  Plaintiff's claim of disability discrimination is barred because she cannot prove that, "but

19  for" her disability, her employment would not have been terminated.

20  ### SIXTEENTH AFFIRMATIVE DEFENSE

21  Plaintiff's Complaint as a whole, and each purported cause of action therein, is barred in

22  whole or part by the applicable statutes of limitation, including, but not limited to, the applicable

23  statute of limitations under the California Fair Employment and Housing Act ("FEHA") and

24  California Family Rights Act ("CFRA"), including without limitation California Government

25  Code §§ 12940 et seq., 12960(d) and 12965(b); the applicable statute of limitations  period under

26  California Code of Civil Procedure §§ 335.1, 338(a) and 343; the applicable statute of limitations

27  period for claims brought under the California Confidentiality of Medical Information Act;

28

1   and under the Americans with Disabilities Act ("ADA"), including without limitation 29 C.F.R.

2   § 1640 et seq. and 42 U.S.C. 2000e, seq.; and the applicable statute of limitations for claims

3   brought under the Family Medical Leave Act ("FMLA").

### SEVENTEENTH AFFIRMATIVE DEFENSE

5           Plaintiff's claims are barred, in whole or in part, by her execution of a valid arbitration

6   agreement and therefore the exclusive forum for resolution of which · claims is before an

7   arbitrator, consistent with the requirement of the Federal Arbitration Act and the California

8   Arbitration Act.

### EIGHTEENTH AFFIRMATIVE DEFENSE

10          Plaintiff's Second Cause of Action for Failure to Prevent Harassment is barred in that

11  application of Government Code Section 12940(k) is unconstitutional in that the requirement to

12  take "all reasonable steps" is impermissibly vague.

13          **WHEREFORE**, Defendant prays for judgment as follows:

14          1.      That Plaintiff take nothing by her Complaint;

15          2.      That the Complaint be dismissed in its entirety with prejudice;

16          3.      That Plaintiff be denied each and every demand and prayer for relief

17                  contained in the Complaint;

18          4.      For costs of suit incurred herein, including reasonable attorneys' fees; and

19          5.      For such other and further relief as the Court deems just and equitable.

21  Dated: January 17, 2012

                                JACKSON LEWIS LLP

24                      By:

                                Jamerson C. Allen
25                              Cara Ching-Senaha
                                Attorneys for Defendant
26                              HILTON WORLDWIDE, INC. DBA
                                DOUBLETREE HOTEL - SAN FRANCISCO
27                              AIRPORT

                                    5
        HILTON WORLDWIDE, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT
                                Case No. CIV 510537

## PROOF OF SERVICE

I, Cheryl K. Baltru, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On January 17, 2012, I served the attached **DEFENDANT HILTON WORLDWIDE, INC. DBA DOUBLETREE HOTEL - SAN FRANCISCO AIRPORT'S ANSWER TO PLAINTIFF GWENDOLYN GAVIN'S UNVERIFIED COMPLAINT** in this action by placing a true and correct copy thereof, enclosed in a sealed envelope(s), addressed as follows:

| | |
|---|---|
| Kevin Woodall<br>WOODALL LAW OFFICES<br>580 California Street, 16th Floor<br>San Francisco, CA  94104<br>Main (415) 439-4803<br>Direct (415) 413-4629<br>Fax (866) 937-4109<br>kevin@kwoodalllaw.com | Attorneys for Plaintiff |

☒ <u>BY MAIL</u>:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.  [( ) *Courtesy copy by fax.*]

☐ <u>BY HAND DELIVERY</u>: I caused such envelope(s) to be delivered by hand to the above address.

☐ <u>BY OVERNIGHT DELIVERY</u>: I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

☐ <u>BY FACSIMILE</u>: I caused such document to be transmitted by facsimile from our fax number (415) 394-9401 to the fax number indicated above (by written agreement, confirming letter dated and signed MM/DD/YY)

☐ <u>BY ELECTRONIC TRANSMISSION</u>:  I caused such document(s) to be electronically transmitted to the above email address.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 17, 2012, at San Francisco, California.

Cheryl K. Baltru

PROOF OF SERVICE                                    Case No. CIV 510537