CARA CHING-SENAHA (State Bar No. 209467)
MIA TUCKER (State Bar No. 268389)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA  94105
Telephone    415.394.9400
Facsimile:    415.394.9401
Email:    chingsenahac@jacksonlewis.com
          mia.tucker@jacksonlewis.com

Attorneys for Defendant
HILTON WORLDWIDE, INC. DBA
DOUBLETREE HOTEL – SAN FRANCISCO
AIRPORT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN GAVIN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HILTON WORLDWIDE, INC. DBA DOUBLETREE SAN FRANCISCO AIRPORT BY HILTON, AND DOES 1 THROUGH 15, INCLUSIVE,<br><br>　　　　　　Defendants. | Case No. 12-00307 CRB<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER;** [PROPOSED] **ORDER**<br><br>Complaint Filed:    12/19/2011<br><br>No trial date set |

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Pursuant to the Federal Rule of Civil Procedure 29(b), Plaintiff Gwendolyn Gavin and Defendant Hilton Worldwide dba DoubleTree San Francisco Airport (collectively hereinafter referred to as "Parties"), through their respective counsel, hereby stipulate to the following confidentiality provisions:

　　1.　　Designated Material. During discovery, any information or material within the scope of the Federal Rules of Civil Procedure including but not limited to documents, deposition testimony, transcripts and exhibits, interrogatory answers, responses to request to admit and other

written, recorded or graphic materials, may be designated as "CONFIDENTIAL" by the person or entity producing, providing, filing or lodging it or by any party to this action (the "Designating Person"). All "CONFIDENTIAL" information and material, and all information or material derived from it, constitutes "Designated Material" under this Stipulation and Order.

2. <u>Access to Designated Material.</u> The designation of any document as "CONFIDENTIAL" shall not preclude any party from showing or providing a copy of the document to any person who appears as an author, addressee or recipient on the face of the document. Designated Material shall not otherwise be used or disclosed for any purposes whatsoever, except in connection with the litigation of the Action (including any appeal), and may be disclosed only to the following persons:

(a) the named parties to this action and the officers, directors and employees of DoubleTree San Francisco Airport named in the initial and supplemental disclosures of both parties, and those Hilton employees employed as of the date the document was created who were in a position to have access to the document;

(b) the parties' counsel, including in-house counsel, and such counsel's legal associates, paralegals, secretaries, and offices' staffs;

(c) independent experts or consultants and their staffs specifically retained to assist counsel in this litigation, provided that any such experts or consultants shall, prior to any disclosure, execute an undertaking to be bound by this Stipulation and Order, which shall be maintained at the office of counsel retaining such expert or consultant and produced to opposing counsel at the earlier of the first designation of expert witnesses or the conclusion of the action;

(d) third parties specifically retained by counsel for parties to this action (or their legal associates and their offices' staffs) for copying or computer coding of documents, but only for such copying or computer coding purposes;

(e) the Court, court reporters, and court officers, pursuant to paragraph 7 of this Stipulation and Order;

(f) witnesses shown the document in a deposition in this litigation, but only if

either of the following apply: (i) the witness appears as an author, addressee or recipient on the face of the document, or (ii) the witness falls under category (c) above as independent experts or consultants, (iii) the witness is one of the individuals named in section 8 of this protective order; or the witnesses agreed upon by the Designating Party; and

(g) any witness who is not agreed upon by the Designating Party, but the Court determines disclosure is reasonably necessary for purposes of the litigation.

3. <u>Copies of Designated Material.</u> Copies and extracts of Designated Material may be made by or for only those persons authorized by paragraph 2 to review such materials, provided that all copies and extracts are appropriately marked as "CONFIDENTIAL." All copies and extracts of Designated Material are subject to the provisions of this Stipulation and Order as though they were original Designated Material.

4. <u>Custody of Designated Material</u>. All documents containing information designated "CONFIDENTIAL" and notes or other records regarding that information shall be maintained in the custody of the parties' outside and/or in-house counsel, and no partial or complete copies thereof containing Designated Material shall be retained by anyone else at any location, except that independent experts and consultants may retain documents on a temporary basis for purposes of study, analysis and preparation of the case.

5. <u>Designating Documents</u>. The designation of all or a portion of a document as "CONFIDENTIAL" shall be made by placing such legend on each designated page of the document prior to production. In the case of a document produced by a party or non-party that is not the Designating Person with respect to such document, the Parties reserve their rights to seek a protective order to deem such document CONFIDENTIAL and subject to the terms of this Stipulation and Order, if the parties cannot otherwise agree whether the document should be designated as CONFIDENTIAL. In the event of inadvertent disclosure, the disclosing party retains the right to request that the document be destroyed and agrees to reproduce the document with the CONFIDENTIALITY designation. In the event a party obtains documents from a third party via subpoena or other means, the obtaining party will coordinate with opposing counsel to

determine whether some or all of the documents should be designated as CONFIDENTIAL and have the documents bates stamped and stamped CONFIDENTIAL according to the agreed upon terms.

6. <u>Challenges To Confidential Designation Of Designated Material</u>. If, at any time, one of the Parties disagrees with or challenges the grounds or basis for the designation of any document or information as "CONFIDENTIAL," that Party shall nevertheless treat and protect such Designated Material in accordance with this Protective Order until and unless all Parties have agreed in writing, or an order of the Court has been entered and becomes enforceable, which provides that such challenged Designated Material may be used or disclosed in a manner different from that specified in this Protective Order. In the event of such a disagreement, the Party challenging the designation will have the burden of pursuing any relief desired. In pursuing judicial intervention for such relief, the Party challenging the designation shall seek an in camera review and determination regarding the propriety of the "CONFIDENTIAL" designation.

7. <u>Designating Depositions</u>.

(a) Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" at the deposition itself, by request of any party.

(b) Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 2 of this Stipulation and Order.

(c) Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided (i) that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material, and (ii) that either the deposition witness is one to whom the exhibit may be disclosed under paragraph 2 of this Stipulation and Order, or the deposition witness is a current or former officer, director, or employee of Hilton with respect to such Designated Material.

8. <u>No Prejudice</u>.

(a) Nothing in this Stipulation and Order shall preclude any party from seeking

and obtaining additional or different protection with respect to the confidentiality of any information or material.

(b) This Stipulation and Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents before the disclosure takes place.

9. Final Disposition. This Protective Order shall continue in full force and effect with respect to all Confidential Material, whether or not offered into evidence at trial, until another order modifies, supersedes or terminates it and shall be enforceable as any other order of the Court.

10. Improper Disclosure.

(a) The Parties and their counsel shall have the duty to use reasonable care and precaution to protect the confidentiality of material covered by this Stipulation and Order, including to protect against the improper disclosure or showing of material to unauthorized persons. If Designated Material submitted in accordance with the terms of this Stipulation and Order is disclosed to any person other than in the manner authorized by the terms herein, then the party and person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party producing such information and, without prejudice to any other rights of the Designating Person, make every effort to retrieve the disclosed material and to prevent further disclosure by it or by the person(s) to whom such information was disclosed.

(b) The parties agree that the unauthorized disclosure of Designated Material may cause irreparable injury to the non-breaching party and, accordingly, in the event of any breach or threatened breach of the provisions herein, the non-breaching party shall be entitled to seek immediate injunctive relief by way of ex parte hearing or otherwise as allowed by law or equity. The decision by the non-breaching party to seek such injunctive relief will be without prejudice to any other rights or remedies, legal or equitable, which the non-breaching party might

have in the event of such a breach or threatened breach, and neither the seeking by the non-breaching party of any such relief nor the obtaining by the non-breaching party of any other such relief will be a waiver or release of any of the non-breaching party's other rights or remedies in such event.

11.  Filing of Designated Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

12.  Survival.  The binding effect of this Stipulation and Order shall survive termination of this Action, and the Court shall retain jurisdiction to enforce the Stipulation and Order. The terms of this Stipulation and Order shall be binding upon the parties as a contract, whether or not a judicial officer signs the Proposed Order.

Dated:  August 14, 2012                                    WOODALL LAW OFFICES

                                                           By: _____
                                                           Kevin Woodall
                                                           Attorney for Plaintiff
                                                           GWENDOLYN GAVIN

Dated:  August 14, 2012                                    JACKSON LEWIS LLP

By: /s/ 
Cara Ching-Senaha
Mia Tucker
Attorney for Defendant
HILTON WORLDWIDE, INC. DBA
DOUBLETREE HOTEL – SAN
FRANCISCO AIRPORT

## ORDER

Pursuant to stipulation, and good cause appearing, IT IS SO ORDERED.

Dated: August 17, 2012

Charles R. Breyer
United States District Judge

*IT IS SO ORDERED*
*Judge Charles R. Breyer*

4845-4134-8112, v. 2