UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| GWENDOLYN GAVIN, | Case No. 12-cv-00307-CRB (NJV) |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL** |
| HILTON WORLDWIDE, INC., | Re: Dkt. No. 56 |
| Defendant. | |

Before the court is plaintiff Gwendolyn Gavin's motion to compel further responses to four special interrogatories and one document request. Doc. No. 56. The motion was fully briefed, and was argued on May 7, 2013. For the reasons below, the court will grant in part and deny in part the motion to compel.

## DISCUSSION

The factual background of this action has been set forth in this court's prior discovery order (Doc. No. 60), and is incorporated by reference here.

**Special Interrogatory No. 1.**[1] Hilton refuses to provide contact information for the

---

[1] Hilton argues that Gavin attached to her motion interrogatory responses that were superseded by Hilton's supplemental responses, and that Gavin withheld Hilton's supplemental responses from this court. *See* Doc. No. 63 at 1, 6. This argument is technically correct, but does not reflect the proceedings accurately. First, the exhibits to Gavin's motion establish that Hilton initially refused to supplement any of its responses to the special interrogatories. *See* Doc. No. 57, Ex. E (February 21, 2013 letter stating that Hilton would not supplement any of its responses). After further meet and confer efforts, Hilton agreed to supplement its response to Special Interrogatory No. 1 only; Hilton did not agree to supplement its other responses to the other interrogatories at issue in this motion. Second, Hilton agreed to supplement Special Interrogatory No. 1 only by identifying further witnesses; Hilton continued to refuse to provide the requested contact information for those witnesses without their prior consent. *Id.* (March 5, 2013 letter). Third, although Gavin did not attach the supplemental response to Special Interrogatory No. 1 that Hilton eventually produced, she attached the three meet-and-confer letters the parties exchanged after Hilton served its initial responses. Doc. No. 57, Ex. E. Gavin not only referenced the meet-and-confer letters in her motion, and Hilton's supplemental response, but she explained why Hilton's supplemental response was inadequate. Doc. No. 56 at 10-12, 14-15, 17-18. Gavin

potential witnesses identified in its response to Special Interrogatory No. 1. Because Hilton's counsel represents the current manager and supervisor employees, Gavin must contact these represented witnesses through counsel. However, Gavin is entitled to receive contact information for any other current employees and former employees identified in Hilton's response to this interrogatory, without their prior consent. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring parties in their initial disclosures to provide contact information for individuals likely to have discoverable information); *see also Puerto v. Superior Court*, 158 Cal. App. 4th 1242 (2008) (requiring consent by opt-in letters before disclosing witness contact information advantages employer and "unnecessarily hamstrings" plaintiffs "in their conduct of legitimate discovery by making their statutory entitlement to percipient witness discovery entirely dependent" on other parties' willingness to participate in the discovery). Furthermore, Gavin correctly notes that Hilton did not object to providing the contact information on privacy grounds, and thus waived that objection. Finally, Hilton's reliance on *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360 (2007) and other consumer class action cases (Doc. No. 63 at 9) is misplaced: this is not a putative class action in which counsel is seeking to discover the identity of unnamed class members.[2] Gavin seeks to contact witnesses who may have direct knowledge of the issues in this case. She is entitled to do so. Gavin's counsel may contact the current and former employees who are not represented by Hilton in connection with this action.

The court is cognizant of Hilton's security concerns and orders as follows: until the results of the IME have been provided to the parties, Hilton shall produce the last known phone number and address for the non-managerial current employees and all former employees identified in its

---

specifically acknowledged that Hilton agreed to supplement its response to Special Interrogatory No. 1 by identifying the employees that Gavin supervised, and described Hilton's continued refusal to provide contact information for these percipient witnesses. Doc. No. 56 at 10-11. Thus, while Gavin should have included Hilton's supplemental response to Special Interrogatory No. 1 in her motion to compel, she actually shared the substance of the supplemental response and the relevant history of the discovery dispute with the court.
[2] Even in those instances, courts order contact information produced without notice. *See, e.g., McArdle v. AT&T Mobility LLC*, 2010 U.S. Dist. LEXIS 47099, *5, *10-*11 (N.D. Cal. Apr. 16, 2010) (applying *Pioneer* and finding that requiring notice where many of the complaining customers could be considered percipient witnesses, would "make no sense here, as witnesses cannot choose to 'opt out' of civil discovery").

2

1    responses to Special Interrogatory No. 1.  This information shall be produced to Gavin's counsel
2    under an "attorneys' eyes only" designation.  Gavin's counsel may move to lift that restriction
3    based on the results of the IME.  If the restriction has not been lifted at the end of this litigation,
4    Gavin's counsel shall return all copies of any documents bearing the information to Hilton's
5    counsel.

6    **Special Interrogatory No. 2.**  Gavin asked Hilton to identify how many hours of
7    FMLA/CFRA leave were available during her employment at the beginning of each work week.
8    Hilton responded with form objections and three non-responsive paragraphs.  After meeting and
9    conferring, Hilton asserted additional form objections and contended that because Gavin worked
10   for Hilton for more than four years, this interrogatory should count as "more than 200 separate and
11   discrete" requests.  Doc. No. 57, Ex. E (March 5, 2013) at 2.  Hilton is mistaken.  Special
12   Interrogatory No. 2 is a single request.  Asking Hilton to provide the information on a weekly
13   basis does not "introduce[] a line of inquiry that is separate and distinct from the original inquiry."
14   *See* W. Schwarzer *et al*., FEDERAL CIVIL PROCEDURE BEFORE TRIAL, §§ 11:1689-1691 (The Rutter
15   Group 2013).  Although Hilton's initial objection that the request for a weekly breakdown was
16   unduly burdensome may have had merit, Gavin explained during meet and confer that she needed
17   a detailed response because under FMLA/CFRA, employers may calculate when the year begins
18   and ends differently for purposes of calculating the twelve weeks of protected leave to which each
19   employee is entitled.  Doc. No. 57, Ex. E (February 25, 2013 letter) at 2.  Hilton's earlier
20   explanation that it "calculates leave on a rolling one year basis and the employee simply gets 12
21   weeks of leave on a rolling one year basis" (*id*. (Feb. 21, 2013 letter) at 2) was insufficient as it did
22   not explain whether or how the leave is pro-rated, nor whether the leave accrued at the beginning
23   or end of each month, at the beginning or end of each year, or by some other method.

24   Accordingly, Hilton shall specifically describe how, during every year Gavin was
25   employed, it calculated an employee's available FMLA/CFRA leave.  Hilton's explanation must
26   be sufficiently detailed to allow Gavin to determine how much leave was available to her at any
27   point in time during her employment.  Hilton also shall identify the dates on which Gavin took
28   FMLA/CFRA leave and the amount of leave time she took on those dates.

**Special Interrogatory No. 3 & Document Request No. 11.** Gavin asked Hilton to describe her work schedule during her employment and produce any documents relating to her schedule. Instead of responding to the Special Interrogatory, Hilton produced records, as it is entitled to do pursuant to Fed. R. Civ. P. 33(d). Gavin argues she cannot find the information she requested in the documents Hilton provided and cannot determine what hours she was scheduled to work, nor the hours she actually did work. She also questions whether Hilton has produced all relevant records, noting that certain gaps exist in those documents that were produced.

Hilton represented to Gavin repeatedly, and to the court, that it had produced all relevant records. At the hearing, Hilton represented that, because Gavin was a salaried employee, her payroll records do not reflect the days and times she worked. Hilton also asserted that, because Gavin made her requests for accommodation informally throughout her employment, using email and face-to-face communication, no database or file will reflect all of the accommodations Hilton made or all the dates and times Gavin worked. Hilton also stated that it did not maintain "computer logs" it could produce, and the court pointed out that such logs would not, in any event, provide definitive evidence of Gavin's schedule.

Gavin is entitled to the information requested, including any documents that relate to her work schedule (both hours scheduled and actually worked). Hilton represents it has produced all information relevant to this request. Hilton's counsel shall provide a declaration certifying it has discussed its documents production with Hilton, and that neither counsel nor Hilton is aware of the existence of any additional records pertaining to Gavin's work schedule, regardless of whether those documents are in Hilton's custody, care or control. If other documents do exist, Hilton shall identify those documents and their location, and explain why those documents are not in its custody, care or control. Hilton shall be precluded from using at trial any records it failed to produce in response to these interrogatories.

**Special Interrogatory No. 5.** Gavin requested that Hilton identify all complaints made by her and received by Hilton relating to her claims in this action. Hilton asserted form objections, including that the request was vague, ambiguous, nonsensical and lacking specificity. Pursuant to Hilton's request for clarification, Gavin identified the relevant categories of complaints by listing

the allegations she made in this action. Doc. No. 57, Ex. E (February 21, 2013 letter & February 25, 2013 letter). Instead of supplementing its response, Hilton argued that the request as clarified was "compound and improper." *Id*. (March 5, 2013 letter). For the reasons stated above, this type question is not compound. Hilton shall respond to Special Interrogatory No. 5 fully, either by listing the relevant complaints in response to this Special Interrogatory, or by specifically identifying (by Bates number or dates of correspondence) the responsive documents Hilton previously produced. Stating that Hilton produced all documented complaints is insufficient.

**Request for sanctions.**[3] Gavin's request for sanctions does not comport with Local Rule 37-4 and therefore is denied.

## CONCLUSION

For the reasons stated above, the court grants in part Gavin's motion to compel. Hilton shall produce the requested information within fourteen days.

**IT IS SO ORDERED**.

Dated: May 8, 2013

_____

NANDOR J. VADAS
United States Magistrate Judge

---

[3] Each party has now filed a motion to compel, and this court has granted both. The court encourages the parties to meet and confer more extensively and make greater efforts to resolve their issues on their own before seeking intervention from the court. The court in the future shall be more willing to entertain meritorious requests for sanctions.